UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LARRY D. RICE, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 09-310 (RMC) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION**

On April 23, 2008, police officers John Stathers and Derek Starliper entered a house in Northeast Washington, D.C. with their guns drawn and told everyone to "freeze." When Plaintiff Larry Rice heard "freeze," he was in a back room and he attempted to flee out the window. Officer Stathers entered the back room and stopped Mr. Rice from leaving. A struggle ensued, and Officer Stathers shot Mr. Rice. A criminal complaint was lodged against Mr. Rice, charging him with interfering with a government official. The felony charge was later dismissed at the request of the prosecutor. As a result, Mr. Rice filed a Complaint against police officers and the District of Columbia asserting violations of the U.S. Constitution (via 42 U.S.C. § 1983) and numerous torts. The claims all essentially allege excessive use of force and malicious prosecution. Defendants have filed a motion to dismiss the negligence counts and the malicious prosecution counts of the Complaint. Mr. Rice opposes. As explained below, the motion for partial dismissal will be granted.

**I. FACTS**

Mr. Rice alleges that on April 23, 2008, he was in the back room of a house located at 5827 Fields Place, NE, Washington, D.C. He heard a police officer say "freeze" to Joseph

Maxwell who was in the front room of the house. At that time, Mr. Rice opened the window in the back room and began climbing out. When he had managed to get his head and one leg out of the window, Officer Stathers entered the back room with his gun drawn. With his gun in one hand, Officer Stathers grabbed Mr. Rice's leg with his other hand. Officer Stathers shot Mr. Rice in the abdomen. Subsequently, Officer Stathers lowered Mr. Rice out of the window and onto the ground. Then Officer Stathers and Officer Starliper began hitting Mr. Rice in the head and screaming at him to provide his name. The Officers then dragged Mr. Rice to the front of the house where Mr. Rice waited thirty minutes for an ambulance to arrive. Mr. Rice was placed under arrest.[1]

        Detective Roberts signed a criminal complaint against Mr. Rice on May 2, 2008, charging Mr. Rice with a violation of 22 D.C. Code § 851(b) (intimidating, impeding, interfering with and retaliating against a government official). *See* Defs.' Reply, Ex. A. On January 21, 2009, the felony charge was dismissed on request of the prosecutor. The Complaint sets forth twenty-two counts as follows:

---

[1] The "facts" as recited here are based entirely on the allegations set forth in the Complaint. An affidavit attached to the criminal complaint sets forth a different version of the facts:

> Officer Stathers observed Defendant Rice attempting to hide behind a dresser. Officer Stathers identified himself and ordered Defendant Rice to show him his hands. Defendant Rice turned and began to assault Officer Stathers. Defendant Rice attempted to take Officer Stathers service weapon. Officer Stathers and Defendant Rice struggled over the service weapon. The weapon discharged, striking Defendant Rice in the abdomen. Defendant Rice continued to resist. Officer Starliper joined in the struggle. The officers and Defendant Rice crashed partially through a rear window. Officer Stathers and Officer Starliper were able to gain control of Defendant Rice and place him in handcuffs.

Defs.' Reply, Ex. A.

Count I – Battery (against Officer Stathers);

Count II – Battery (against Officer Starliper);

Count III – Battery (against the District of Columbia);

Count IV – Negligence (against the District of Columbia);

Count V – Gross Negligence (against Officer Stathers);

Count VI – False Arrest (against Officer Stathers);

Count VII – False Arrest (against Officer Starliper);

Count VIII – False Arrest (against the District of Columbia);

Count IX – Malicious Prosecution (against Officer Stathers);

Count X – Malicious Prosecution (against Officer Starliper);

Count XI – Malicious Prosecution (against the District of Columbia);

Count XII – Intentional Infliction of Emotional Distress (against Officer Stathers);

Count XIII – Intentional Infliction of Emotional Distress (against Officer Starliper);

Count XIV – Intentional Infliction of Emotional Distress (against the District of Columbia;

Count XV – Negligent Infliction of Emotional Distress (against Officer Stathers);

Count XVI – Negligent Infliction of Emotional Distress (against the District of Columbia);

Count XVII – Negligent Training and Supervision (against the District of Columbia);

Count XVIII – Violation of 14th Amendment right to safety and bodily integrity (against Officer Stathers);

Count XIX – Violation of 14th Amendment right to safety and bodily integrity (against Officer Starliper);

Count XX – Violation of 4th Amendment right to be free from unreasonable seizure (against Officer Stathers);

>Count XXI – Violation of 4th Amendment right to be free from unreasonable seizure (against Officer Starliper); and

>Count XXII – Negligent Retention (against the District of Columbia).

Defendants seek dismissal of Counts IV (negligence) and V (gross negligence) because these claims do not set forth a separate cause of action from the battery claims. Defendants also seek dismissal of Counts IX, X, and XI (all alleging malicious prosecution) for failure to state a claim because the underlying criminal case did not terminate in favor of Mr. Rice.

## II.  LEGAL STANDARDS

### A. Jurisdiction

Federal district courts have original jurisdiction over civil actions arising under federal statutes. 28 U.S.C. § 1331. Here, Mr. Rice brought suit under 42 U.S.C. § 1983. As this case presents a question of federal law, this Court has original jurisdiction. The Court has supplemental jurisdiction over the common law claims. 28 U.S.C. § 1367.

### B. Choice of Law

Where supplemental jurisdiction is exercised, federal courts apply the forum state's choice of law rules. *A.I. Trade Finance, Inc. v. Petra Int'l Banking Corp.*, 62 F.3d 1454, 1463 (D.C. Cir. 1995). The District of Columbia applies the substantial interest test, focusing on the place of the injury, the place were the injurious conduct occurred, the residency of the parties, and the place the parties' relationship is centered. *Jaffe v. Pallotta Teamworks*, 374 F.3d 1223, 1227 (D.C. Cir. 2004). In this case, the District of Columbia is where the alleged injury occurred, where the alleged injurious conduct occurred, and where the parties' relationship was centered. Thus, D.C. substantive law applies to the common law claims.

C. Rule 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint must be sufficient "to give a defendant fair notice of the claims against him." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (internal citations omitted). Rule 8(a) requires a "showing" and not just a blanket assertion of a right to relief. *Id.* at 1965 n.3.

A court must treat the complaint's factual allegations as true, "even if doubtful in fact," *id.* at 1965, and must draw all reasonable inferences in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003). Even so, the facts alleged "must be enough to raise a right to relief above the speculative level," *Twombly*, 127 S. Ct. at 1965, and the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). "[A] complaint needs *some* information about the circumstances giving rise to the claims." *Aktieselskabet Af 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (emphasis in original).

### III. ANALYSIS

A. Negligence Claims

Defendants seek dismissal of Counts IV (negligence) and V (gross negligence)

because these claims do not set forth a cause of action that is separate and distinct from Mr. Rice's allegations of battery in Counts I, II, and III. "Both negligence and battery claims, in order to go to the jury, must be separate and distinct form each other, even though related, and each of the two counts must be supported by the necessary evidence." *District of Columbia v. Chinn*, 839 A.2d 701, 707 ((D.C. 2003). Where a plaintiff does not allege a distinct negligence ground, the negligence claim should be dismissed. *Id*. In *Chinn*, for example, the plaintiff alleged battery and negligence against police officers who pulled him out of his car and beat him. The court held that the plaintiff could only maintain a claim for assault and battery and not for negligence, noting that any negligence was "inherent in the battery itself." *Id*. at 711; *accord Sabir v. Dist. of Columbia v. Tinker*, 755 A.2d 449, 452 (D.C. 2000) ("[t]here is no such thing as a negligent assault"). Chinn did not allege a negligence claim as "[he] did not allege that the officers mistakenly or negligently thought Chinn was armed; Chinn did not allege that the officers misperceived him as threat." *Chinn*, 839 A.2d at 711. Chinn claimed that the officers deliberately inflicted excessive force and assaulted him without provocation; this is a battery claim. *Id*.

In some cases, the same course of conduct may support both an intentional tort claim and a negligence claim, "provided that it is established that the defendant, in the process of engaging in the conduct that included the intentional tort, was also breaching another recognized duty owed to the plaintiff." *Stewart-Veal v. District of Columbia*, 896 A.2d 232, 235 (D.C. 2006). The Complaint makes no allegation that Defendants breached some other recognized duty owed to Mr. Rice. In alleging negligence, the Complaint asserts that as a result of Officers Stathers' use of excessive force, Plaintiff was injured, Compl. ¶ 65, and in asserting gross negligence, the Complaint alleges that as a result of Officer Stathers reckless indifference to Plaintiff's safety, Plaintiff suffered

harm. *Id*. ¶ 68. These allegations do not assert a separate claim sounding in negligence, and they do not allege the breach of a separate recognized duty of care. "The trial court is not bound by a plaintiff's characterization of an action and . . . use of the terms 'carelessly and negligently,' without more, are conclusory and do not raise a cognizable claim of negligence." *Chinn*, 839 A.2d at 708.

Mr. Rice attempts to correct this by stating in his opposition to the motion to dismiss that Counts IV and V are premised upon Officer Stathers' "failure to use only reasonable measures in his interaction with and treatment of Plaintiff and his failure to comply with any and all applicable regulations(s), orders(s) and standard(s)" and upon "Defendants' duty owed to Plaintiff and other similarly situated persons." Pl.'s Opp'n at 7-8. "Plaintiff is alleging negligence and gross negligence in Defendants' substandard handling of the entire situation." *Id*. at 9. These vague and conclusory allegations do not suffice to assert that Officer Stathers breached any particular recognized duty of care. A plaintiff cannot seek to recover by dressing up his claim for battery as a claim for negligence. *See Chinn*, 839 A.2d at 708. Counts IV and V will be dismissed for failure to state a claim separate and apart from the battery alleged in Counts I, II, and III.

### B.  Malicious Prosecution

To support a malicious prosecution claim, a plaintiff must show: (1) the initiation or procurement of criminal proceedings; (2) without probable cause; (3) primarily for a purpose other than bringing an offender to justice; and (4) termination of the proceedings in favor of the accused. *Davis v. Giles*, 769 F.2d 813, 814-815 (D.C. Cir. 1985). Here, Mr. Rice cannot show that the underlying criminal proceeding terminated in his favor. While the underlying case was dismissed by the District there was no resolution based on the merits. "If termination does not relate to the merits – reflecting on neither innocence of nor responsibility for the alleged misconduct – the

termination is not favorable in the sense it would support a subsequent action for malicious prosecution." *Brown v. Carr*, 503 A.2d 1241, 1245 n.2 (D.C. 1986).  Moreover, malicious prosecutions claims can only be brought against persons who have wrongfully caused charges to be filed. *Pitt v. District of Columbia*, 491 F.3d 494, 501 (D.C. Cir. 2007).  Officers Stathers and Starliper did not sign the criminal complaint against Mr. Rice, *see* Reply, Ex. A (Crim. Compl. signed by Detective Roberts), and thus cannot be liable for malicious prosecution.  For these reasons, Counts IX, X, and XI will be dismissed.

### C. Plaintiff's Motion to Strike

Mr. Rice moved to strike Defendants Reply brief, asserting that it was untimely filed, or in the alternative to file a surreply.  Plaintiff filed his Opposition to the Motion to Dismiss on May 16, 2009.  *See* [Dkt. # 10.  Under Local Civil Rule 7(d), Defendants' Reply brief was due within five days after service of the Opposition.  Service of the Opposition was accomplished by electronic means.  *See id*.  Because three days are added for service by electronic means and because intervening weekends and holidays are not counted, *see* Fed. R. Civ. P. 6(a) & (d), the Reply was due May 28, 2009.  Defendants timely filed the Reply on May 26, 2009.  *See* Dkt. # 11.  Realizing his error, Mr. Rice later withdrew his motion to strike.  *See* Supp. to Pl.'s Mot. to Strike [Dkt. # 13].  Accordingly, Plaintiff's motion to strike will be deemed withdrawn.  With regard to Mr. Rice's request to file a surreply, he fails to cite any reason why the Court should grant his request.  Thus, the motion to file a surreply will be denied.

### IV. CONCLUSION

For the reasons stated, Defendants' motion for partial dismissal [Dkt. # 9] will be granted and the following Counts of the Complaint will be dismissed:  Counts IV (negligence),

Count V (gross negligence), and Counts IX, X, and XI (malicious prosecution). Further, Plaintiff's motion to strike will be deemed withdrawn and his motion to file a surreply [Dkt. # 12] will be denied. A memorializing order accompanies this Memorandum Opinion.


Date: June 17, 2009                                  /s/
                                            ROSEMARY M. COLLYER
                                            United States District Judge