UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LARRY D. RICE, JR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 09-310 (RMC) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

Police officers John Stathers and Derek Starliper entered a house in Northeast Washington, D.C. with their guns drawn and told everyone to "freeze." When Plaintiff Larry Rice heard "freeze," he was in a back room and he attempted to flee out the window. Officer Stathers entered the back room and stopped Mr. Rice from leaving. A struggle ensued, and Officer Stathers shot Mr. Rice. Detective Ali Roberts lodged a criminal complaint against Mr. Rice, charging him with interfering with a government official. The D.C. Superior Court later dismissed the felony charge at the request of the prosecutor. As a result, Mr. Rice filed suit asserting violations of the U.S. Constitution (via 42 U.S.C. § 1983) and numerous torts. Defendants have filed a motion to dismiss certain counts of the Amended Complaint. Mr. Rice opposes. As explained below, the motion will be granted.

# I. FACTS[1]

Mr. Rice alleges that on April 23, 2008, he was in the back room of a house located at 5827 Fields Place, NE, Washington, D.C. He heard a police officer say "freeze" to Joseph Maxwell who was in the front room of the house. At that time, Mr. Rice opened the window in the back room and began climbing out. When he had managed to get his head and one leg out of the window, Officer Stathers entered the back room with his gun drawn. With his gun in one hand, Officer Stathers grabbed Mr. Rice's leg with his other hand. Officer Stathers shot Mr. Rice in the abdomen. Subsequently, Officer Stathers lowered Mr. Rice out of the window and onto the ground. Then Officer Stathers and Officer Starliper began hitting Mr. Rice in the head and screaming at him to provide his name. The Officers then dragged Mr. Rice to the front of the house where Mr. Rice waited thirty minutes for an ambulance to arrive. The officers arrested Mr. Rice.

As a result of the gunshot wound, Mr. Rice sustained severe injuries including a lacerated liver and diaphragm. He underwent emergency surgery and remained in the hospital from April 23 through May 27, 2008. He developed pneumonia while in the hospital.

Detective Roberts signed a criminal complaint against Mr. Rice on May 2, 2008, charging Mr. Rice with a violation of 22 D.C. Code § 851(b) (intimidating, impeding, interfering with and retaliating against a government official). *See* Defs.' Mot. to Dismiss [Dkt. # 35], Ex. A. The criminal complaint was based on an attached affidavit signed by Officer D. Randolph, badge number 2067. Officer Randolph's affidavit sets forth a different version of the facts:

> Officer Stathers observed Defendant Rice attempting to hide behind
> a dresser. Officer Stathers identified himself and ordered Defendant

---

[1] The "facts" as recited here are based entirely on the allegations set forth in the Amended Complaint [Dkt. # 29].

> Rice to show him his hands. Defendant Rice turned and began to assault Officer Stathers. Defendant Rice attempted to take Officer Stathers['] service weapon. Officer Stathers and Defendant Rice struggled over the service weapon. The weapon discharged, striking Defendant Rice in the abdomen. Defendant Rice continued to resist. Officer Starliper joined in the struggle. The officers and Defendant Rice crashed partially through a rear window. Officer Stathers and Officer Starliper were able to gain control of Defendant Rice and place him in handcuffs.

*Id.*, Ex. A at 2. On January 21, 2009, the Superior Court dismissed the felony charge at the request of the prosecutor. *See id.*, Ex. B.

As a result of the foregoing, Mr. Rice filed this suit against the District of Columbia, Officers Stathers and Starliper, and Detective Roberts. The Amended Complaint sets forth twenty-one counts as follows:

Count I – Battery (against Officer Stathers);

Count II – Battery (against Officer Starliper);

Count III – Battery (against the District of Columbia);

Count IV – Negligence (against Officer Stathers);

Count V – Negligence (against District of Columbia);

Count VI – False Arrest (against Officer Stathers);

Count VII – False Arrest (against Officer Starliper);

Count VIII – False Arrest (against the District of Columbia);

Count IX – Malicious Prosecution (against Detective Roberts);

Count X – Malicious Prosecution (against the District of Columbia);

Count XI – Intentional Infliction of Emotional Distress (against Officer Stathers);

Count XII – Intentional Infliction of Emotional Distress (against Officer Starliper);

Count XIII – Intentional Infliction of Emotional Distress (against the District of Columbia;

Count XIV – Negligent Infliction of Emotional Distress (against Officer Stathers);

Count XV – Negligent Infliction of Emotional Distress (against the District of Columbia);

Count XVI – Negligent Training and Supervision (against the District of Columbia);

Count XVII – Violation of 14th Amendment right to safety and bodily integrity (against Officer Stathers);

Count XVIII – Violation of 14th Amendment right to safety and bodily integrity (against Officer Starliper);

Count XIX – Violation of 4th Amendment right to be free from unreasonable seizure (against Officer Stathers);

Count XX – Violation of 4th Amendment right to be free from unreasonable seizure (against Officer Starliper); and

Count XXI – Negligent Retention (against the District of Columbia).

Defendants seek dismissal of Counts IV, V, IX, X, XVII, XVIII, and XXI.

## II. LEGAL STANDARDS

### A. Jurisdiction

Federal district courts have original jurisdiction over civil actions arising under federal statutes. 28 U.S.C. § 1331. Here, Mr. Rice brought suit under 42 U.S.C. § 1983. As this case presents a question of federal law, this Court has original jurisdiction. The Court has supplemental jurisdiction over the common law claims. 28 U.S.C. § 1367.

### B. Choice of Law

Where supplemental jurisdiction is exercised, federal courts apply the forum state's choice of law rules. *A.I. Trade Finance, Inc. v. Petra Int'l Banking Corp.*, 62 F.3d 1454, 1463 (D.C.

Cir. 1995). The District of Columbia applies the substantial interest test, focusing on the place of the injury, the place where the injurious conduct occurred, the residency of the parties, and the place where the parties' relationship is centered. *Jaffe v. Pallotta Teamworks*, 374 F.3d 1223, 1227 (D.C. Cir. 2004). In this case, the District of Columbia is where the alleged injury occurred, where the alleged injurious conduct occurred, where the Plaintiff resides, and where the parties' relationship was centered. Thus, D.C. substantive law applies to the common law claims.

**C. Rule 12(b)(6)**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A complaint must be sufficient "to give a defendant fair notice of the claims against him." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citations omitted). Rule 8(a) requires a "showing" and not just a blanket assertion of a right to relief. *Id.* at 555 n.3.

In considering a motion to dismiss, a court must treat the complaint's factual allegations as true, "even if doubtful in fact," *id*. at 555, and must draw all reasonable inferences in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003). Even so, the facts alleged "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and the court need not accept as true inferences unsupported by facts set out in the

complaint or legal conclusions cast as factual allegations. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). "[A] complaint needs *some* information about the circumstances giving rise to the claims." *Aktieselskabet Af 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (emphasis in original).

### III. ANALYSIS

#### A. Negligence

Defendants seek dismissal of Count IV, alleging negligence against Officer Stathers, and Count V, alleging negligence against District of Columbia. They assert that these Counts do not set forth a cause of action that is separate and distinct from Mr. Rice's allegations of battery in Counts I, II, and III. "Both negligence and battery claims, in order to go to the jury, must be separate and distinct from each other, even though related, and each of the two counts must be supported by the necessary evidence." *District of Columbia v. Chinn*, 839 A.2d 701, 707 (D.C. 2003). Where a plaintiff does not allege a distinct basis for a negligence claim, the negligence claim should be dismissed. *Id*. In *Chinn*, for example, the plaintiff alleged battery and negligence against police officers who pulled him out of his car and beat him. The court held that the plaintiff could only maintain a claim for assault and battery and not for negligence, noting that any negligence was "inherent in the battery itself." *Id*. at 711; *accord Sabir v. Dist. of Columbia v. Tinker*, 755 A.2d 449, 452 (D.C. 2000) ("[t]here is no such thing as a negligent assault"). Chinn did not allege a distinct negligence claim as "[he] did not allege that the officers mistakenly or negligently thought Chinn was armed; Chinn did not allege that the officers misperceived him as threat." *Chinn*, 839 A.2d at 711. Chinn claimed that the officers deliberately inflicted excessive force and assaulted him without provocation; this is a battery claim. *Id*. "The trial court is not bound by a plaintiff's characterization

of an action and . . . use of the terms 'carelessly and negligently,' without more, are conclusory and do not raise a cognizable claim of negligence." *Id.*, 839 A.2d at 708.

In some cases, the same course of conduct may support both an intentional tort claim and a negligence claim, provided that " the defendant, in the process of engaging in the conduct that included the intentional tort, was also breaching another recognized duty owed to the plaintiff." *Stewart-Veal v. District of Columbia*, 896 A.2d 232, 235 (D.C. 2006). Mr. Rice alleges that Officer Stathers violated an independent duty to Mr. Rice by violating Metropolitan Police Department General Order 901.07. General Order 901.07 states that "under no circumstances shall [an officer] discharge his service firearm to stop an individual on mere suspicion of a crime simply because the individual runs away." Pl.'s Opp'n at 8.

A general order like the one quoted, however, functions as an internal operating manual, *Abney v. District of Columbia*, 580 A.2d 1036, 1041 (D.C. 1990), and not as a regulation whose violation constitutes negligence *per se*. *District of Columbia v. Banks*, 646 A.2d 972, 983 (D.C. 1994). While evidence that the police violated a general order can be a factor, for example, in a case asserting gross negligence in conducting a police chase, liability only attaches if the police were negligent with regard to a national standard of care. *Id*. at 983 n.13. Here, Mr. Rice has not asserted the breach of a duty separate and apart from the alleged intentional tort. Because Mr. Rice cannot seek to recover by dressing up his claim for battery as a claim for negligence, *see Chinn*, 839 A.2d at 708, Counts IV and V will be dismissed for failure to state a claim separate and apart from the battery alleged in Counts I, II, and III.

### B. Malicious Prosecution

Defendants seek dismissal of Count IX, alleging malicious prosecution against

Detective Roberts, and Count X, alleging malicious prosecution against the District of Columbia. To support a malicious prosecution claim, a plaintiff must show: (1) the initiation or procurement of criminal proceedings; (2) without probable cause; (3) primarily for a purpose other than bringing an offender to justice; and (4) termination of the proceedings in favor of the accused. *Davis v. Giles*, 769 F.2d 813, 814-815 (D.C. Cir. 1985).

Mr. Rice cannot show that the underlying criminal proceeding terminated in his favor. While the underlying case was dismissed by the Superior Court at the prosecutor's request, there was no resolution based on the merits. "If termination does not relate to the merits — reflecting on neither innocence of nor responsibility for the alleged misconduct — the termination is not favorable in the sense it would support a subsequent action for malicious prosecution." *Brown v. Carr*, 503 A.2d 1241, 1245 n.2 (D.C. 1986). Counts IX and X will be dismissed.

### C. Fourteenth Amendment

To prevail in a civil rights action under 42 U.S.C. § 1983, a plaintiff must plead and prove that the defendants, acting under color of state or D.C. law,[2] deprived the plaintiff of a right secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474

---

[2] Section 1983 states, in relevant part:

> Every person who, under color or any statue, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

42 U.S.C. § 1983.

U.S. 327 (1986). Mr. Rice alleges that his Fourteenth Amendment right "to bodily safety and integrity" were violated by Officers Stathers and Starliper. *See* Am. Compl. ¶¶ 136-149 (Count XVII against Stathers and Count XVIII against Starliper).

The District of Columbia is a political entity created by the federal government, and thus it is subject to the restrictions of the Fifth Amendment, not the Fourteenth. *Propert v. Dist. of Columbia*, 948 F.2d 1327, 1330 n.5 (D.C. Cir. 1991) (citing *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954)). Even if the Court construes Counts XVII and XVIII as asserting claims under the Fifth Amendment, these claims fail.

Procedural due process is not violated where a state (or the District) provides adequate post-deprivation remedies such as those available in a tort action. *Crawford v. Parron*, 709 F. Supp. 234, 236-37 (D.D.C. 1986) (citing *Parratt*, 451 U.S. 527, and *Hudson v. Palmer*, 468 U.S. 517 (1984)). "[W]here a plaintiff challenges random, unauthorized governmental conduct on the ground that it deprived him or her of liberty *without due process*, the consensus of the circuits is that such procedural due process cases are governed by *Parratt*, and that no cognizable constitutional claim can be stated where adequate post-deprivation state remedies are available." *Crawford*, 709 F. Supp. at 237. Further, a plaintiff does not have a substantive due process claim where his claim for relief is specifically covered by another Amendment. "[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *U.S. v. Lanier*, 520 U.S. 259, 272 n.7 (1997) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989) (reasonableness standard applies to excessive force claim)). Mr. Rice's claim unreasonable seizure is governed by the Fourth Amendment. Accordingly, his Fourteenth

Amendment claims, Counts XVII and XVIII, will be dismissed.

### D. Negligent Retention

Count XXI of the Amended Complaint alleges that the District of Columbia acted negligently in retaining Officer Stathers as a police officer because he was "not competent to use the appropriate level of force on an individual who was the subject of a warrant, arrest or seizure." Am. Compl. ¶ 169. The Amended Complaint also alleges that the District had knowledge of Officer Stathers' alleged incompetence and negligently breached its duty of care by continuing to employ Officer Stathers. *Id*. ¶¶ 171-172. These allegations do not pass muster under *Twombly*. Mr. Rice is required to provide the grounds of his entitlement to relief and "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. A complaint needs "*some* information about the circumstances giving rise to the claims," *Fame Jeans*, 525 F.3d at 16 n.4, and Mr. Rice's Amended Complaint does not do so with respect to the negligent retention claim. Count XXI will be dismissed.

## IV. CONCLUSION

For the reasons stated above, Defendants' motion for partial dismissal [Dkt. # 9] will be granted and the following Counts of the Complaint will be dismissed: Count IV (negligence against Stathers), Count V (negligence against the District), Count IX (malicious prosecution against Roberts), Count X (malicious prosecution against the District), Count XVII (Fourteenth Amendment against Stathers), Count XVIII (Fourteenth Amendment against Starliper), and Count XXI (negligent retention against the District). Further, because the sole count against Detective Roberts will be dismissed, he will be dismissed as a party to this case. A memorializing Order accompanies this Memorandum Opinion.

Date: June 7, 2010                                      /s/
                                        ROSEMARY M. COLLYER
                                        United States District Judge